Defendant-appellant Thomas E. Harmon appeals the Judgment Entry of the Coshocton County Court of Common Pleas adjudicating him a sexual predator as defined in R.C.2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On January 21, 1993, a Bill of Information was filed stating that appellant, from March, 1992, through approximately October 15, 1992, had engaged in sexual conduct with Tonya Simmons, age twelve, in violation of R.C. 2907.02(A)(2). On the same day, appellant signed a written waiver of prosecution by indictment and consented to prosecution by information. Thereafter, appellant entered a plea of guilty to the charge of rape, in violation of R.C. 2907.02(A)(2), contained in the Bill of Information. Appellant's plea was memorialized in a Judgment Entry filed on January 28, 1993. Appellant was thirty-one years old at the time of the offense. The victim was his step-daughter. Appellant at various times, had the victim perform fellatio on him and he performed cunnilingus on her.
After a pre-sentence investigation and report was conducted, appellant was sentenced on October 4, 1993, to an indefinite term of six (6) to twenty five (25) years in prison. The six (6) year minimum term was to be a term of actual incarceration. The Judgment Entry of Sentencing was filed on October 7, 1993.
After the enactment of Ohio's version of Megan's Law, R.C. Chapter 2950, a hearing was held on August 4, 1997, to determine whether appellant should be adjudicated a sexual predator. At the hearing, appellant challenged the constitutionality of R.C. 2950.09 on ex post facto, retroactivity and double jeopardy grounds. Appellant also argued that R.C. 2950.09 is unconstitutionally vague. Despite appellant's arguments, the trial court, however, adjudicated appellant a sexual predator. On August 7, 1997, a Sentencing Addendum and Inmate Sentencing Attachment were filed, both of which memorialized the trial court's decision. It is from such decision that appellant prosecutes his appeal, raising the following assignments of error:
 I. THE COURT'S DECISION VIOLATES THE OHIO AND FEDERAL CONSTITUTIONS BY LABELING THE DEFENDANT AS A SEXUAL PREDATOR AND SUBJECTING HIM TO THE REQUIREMENTS OF O.R.C. 2950.
II. O.R.C. 2950.09(C) IS VOID FOR VAGUENESS.
 III. THE DECISION OF THE TRIAL COURT IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 I, II
Appellant's first and second assignments are overruled on the authority of State v. Cook (1998), 83 Ohio St.3d 404, State v.Nosic, (February 1, 1999), Stark App. No. 1997CA00248, unreported; and State v. Bair, (February 1, 1999), Stark App. No. 1997CA00232, unreported.
We acknowledge that the Cook case dealt with the constitutionality of R.C. 2950.09(B)(1), which specifies that that section applies to anyone sentenced after the effective date of the statute even if the offense were committed before the effective date of the statute. The case before us deals with R.C. 2950.09(C)(1), which specifies that it applies to anyone currently in prison even if the person committed a sexually oriented offense and was sentenced for it prior to the effective date of the statute. However, we find the analysis of the constitutional issues in Cook, supra to be applicable to the case before us. Both of the code sections above deal with the application of changes in offenses prior to the effective date of those changes. The consequences of being found to be a sexual predator, whether under 2950.09(B)(1) or (C)(1), are the same in terms of registration and community notification.
 III
In his third assignment of error, appellant contends that the trial court's adjudicating him a sexual predator is against the manifest weight of the evidence.
In State v. Cook supra, the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this Assignment of Error under the standard of review contained in C.E. Morris Co. v. FoleyConstruction (1978), 54 Ohio St.2d 279. Accordingly judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence
R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
 (2) In making a determination under divisions (B)(1) and (3) of this section as to whether an offender is a sexual predator, the judge shall consider all relevant factors, including, but not limited to, all of the following:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct.
The Court must determine sexual predator status by clear and convincing evidence. "[R]eliable hearsay, such as a presentence investigation report, may be relied upon . . . ." Cook, supra,
p. 425.
At the hearing, the trial court considered the above factors in finding that appellant was a sexual predator as defined in R.C. 2950.01(E). The trial court, in making its determination, considered the screening instrument prepared by the Ohio Department of Rehabilitation and Correction recommending that appellant be adjudicated a sexual predator as well as appellant's original pre-sentence investigation and report. The screening instrument indicated that appellant's victim was 12 years old at the time of the offense, that appellant had viewed pornographic films with the victim, and that appellant's only prior record was for shoplifting. The court, after finding that the content of the presentence investigation was consistent with the findings made in the screening instrument, held that appellant was a sexual predator.
We find that the young age of the victim and what the trial court described as "a demonstrated pattern of abuse [as] evidenced by the perpetrator's use of pornography in the cause of the assault itself" all mitigate in favor of the trial court's decision.
Accordingly, we find that the trial court considered the elements set forth in R.C. 2950.09(B)(2) and that there was competent, credible evidence to support the findings made by the trial court at the August 4, 1997, hearing. We further find that the evidence presented and the findings made by the trial court at the hearing support the finding that appellant is a sexual predator under R.C. 2950.01(E) by clear and convincing evidence and that such finding is not against the manifest weight of the evidence.
Appellant's third assignment of error is overruled.
The judgment of the Coshocton County Court of Common Pleas is affirmed.
By Edwards, J.; Gwin, P. J. and Farmer, J. concur.
---------------------------
---------------------------
 --------------------------- JUDGES
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed. Costs waived.
---------------------------
---------------------------
 --------------------------- JUDGES